COMMONWEALTH *vs.* ALEXANDER McKENNEY.

An indictment for larceny of property alleged to be of a value less than one hundred dollars is supported by evidence that the property was of any value.

The punishment which may be imposed by the court of common pleas, under Rev. Sts. *c.* 126, § 17, for larceny of property not exceeding one hundred dollars in value, is not affected by the value of the property, notwithstanding the concurrent jurisdiction given by § 18 to justices of the peace where the value is not alleged to exceed fifteen dollars.

On the trial of an indictment for larceny of a horse the jury are warranted in finding that he is of some value upon evidence that he was a dark sorrel horse, weighing about nine hundred pounds, had a long tail, and was driven a long distance.

INDICTMENT for the larceny of a horse alleged to be of the value of seventy five dollars. Trial and conviction in the court of common pleas before *Aiken*, J., who signed this bill of exceptions :

" Upon the trial the prosecutor testified that his horse was a sorrel horse, weighed about nine hundred pounds, had a long tail, and had a bruise upon one hip ; and was taken from Stowe in this county on the 12th of October 1856 ; and that he found said horse at Portsmouth, N. H., on the 22d or 23d of October, and drove him home to Stowe. One Somerby testified that he

kept a stable in said Portsmouth; that on the 15th of said October the defendant came to his stable in Portsmouth with said horse, and had him put up, and said he intended to sell him and some other property at auction the next morning, and, when said property was sold, would pay his bill for the keeping of said horse; and took said horse away the next morning to sell him. No other evidence of value was offered by the government.

" The defendant objected that there was no proof of the value of said horse, which was a material allegation in the indictment; and that, in order to convict the defendant, the government must prove some value to the animal; and that the defendant would be found guilty of a misdemeanor or a felony as the value of the animal was found by the jury.

" The court instructed the jury that the government must prove some value, but need not prove the value alleged in the indictment; that from the evidence aforesaid they might infer some value, if the evidence satisfied them of value; and that the evidence was competent for that purpose; that it was immaterial, if the jury found the horse of some value, whether it was one cent or a larger sum; that either would justify a general verdict of guilty, if the other facts were proved to their satisfaction; that the jury need not find any given sum as value, provided they were satisfied from the evidence that the horse was of some value.

" The jury returned a verdict of guilty. To these several instructions and rulings the defendant excepts."

*B. F. Butler*, for the defendant, cited Rev. Sts. *c.* 126, § 18; *Sts.* 1849, *c.* 132, § 2; 1852, *c.* 4; 1855, *c.* 448, § 1; 1857, *c.* 157, § 1; *Hope* v. *Commonwealth*, 9 Met. 136.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, cited *St.* 1804, *c.* 143; Rev. Sts. *c.* 82, § 25; *c.* 126, § 17 *Commonwealth* v. *Nolan*, 5 Cush. 288; *Regina* v. *Morris*, 9 Car. & P. 349.

DEWEY, J. To constitute larceny, the property taken must be of some value. An indictment omitting to allege that the property was of value would be a bad indictment. But upon

the trial of the case the government is not bound to prove the precise value as stated in the indictment. Proof of a larger value would be equally well, and would in no respect change the extent of the punishment authorized by the statute, as the value stated in the indictment would be the highest value that could be made the basis of the punishment.

If the indictment had alleged the value of the property stolen to exceed one hundred dollars, it would have been quite material to have the jury pass upon that question, if the value was in controversy, as it might materially affect the rights of the defendant in matter of punishment. The Rev. Sts. *c.* 126, § 17, recognize, with reference to simple larcenies and their punish-- ment, two classes of cases only; first, those where the property stolen exceeds the value of one hundred dollars; and secondly, cases where the value of the property does not exceed one hundred dollars. The jurisdiction of the cases under the provisions of § 17 is wholly in the court of common pleas, in all the counties except Suffolk, where a municipal court exists with the same powers, and the punishment therein authorized cannot be inflicted by a justice of the peace. Rev. Sts. *c.* 82, § 25. As to cases pending in the court of common pleas upon indictment there found, there are the two grades of punishment already alluded to, and none other. If the value is less than one hundred dollars, it falls in the lowest grade. But all values under one hundred dollars are of this class, and may be punished by the like punishment, leaving a discretion with the court in each case of modifying the punishment, as the aggravating or mitigating circumstances may require, but not being restrained by the smaller or larger amounts of the value of the articles.

It was urged at the argument of this case, that by the provisions of § 18, another grade of larceny was created, and that the larcenies named in § 17, if the value of the property did not exceed fifteen dollars, and all other larcenies where the value of the property did not exceed five dollars, might be punished by a less severe punishment.

A careful reading of § 18 will show that all its provisions have reference to the jurisdiction of justices of the peace,

giving them an original concurrent jurisdiction with the court of common pleas in the cases specified in that section, and restricting them to punishments less severe, but not intended in any manner to affect the extent of punishment which the court of common pleas is authorized to inflict in cases of original jurisdiction in that court. That § 18 is wholly restricted to cases originating before a justice of the peace is apparent further from the provisions as to punishment for a second conviction of the like offence committed after the former conviction before the justice, and more especially by the concluding sentence of § 18, applying to all the ·previous provisions in that section as to punishments, " saving to every person so convicted the right to a trial by jury upon his appeal." Its whole provisions are exclusively confined to cases where the property stolen " shall not be alleged " to exceed fifteen dollars in value, and cannot by their own phraseology be applied to a case where the property is alleged to be of the value of seventy five dollars.

We are aware that this construction of the statute gives the court of common pleas the power to punish a simple larceny under fifteen dollars more severely than a justice of the peace can do, thus apparently subjecting a criminal to a possible severe punishment or a milder one, as he may happen to be originally prosecuted in the higher or lower court. This is so, but it is no modern law, but has been so from the time of the adoption of the first constitution. It is distinctly found in *St.* 1784, *c.* 66. It was reënacted in the *St.* of 1804, *c.* 143, in terms too plain to afford ground for a doubt, the powers of the court being distinctly stated as to punishment on convictions in the particular court. Prior to the transfer from this court of the jurisdiction of all criminal cases, not capital, to the court of common pleas, there were three courts having concurrent jurisdiction of many offences of the smaller grade, in reference to which the extent of the punishment that might be inflicted for the same offence was materially different in each of these courts, giving the power in its most restricted form to justices of the peace, a greater range of punishment to the court of common

pleas, if the party was there indicted, and a still greater punish-ment might be awarded by the supreme judicial court, if the indictment was found in that court. Practically, the result has been that nearly all cases of larceny are originally examined before a justice of the peace, or a police court with like jurisdic-tion. If, upon such examination, the value of the property is under fifteen dollars, and there are no aggravating circumstances in the case, the justice finally determines the case and inflicts the punishment provided in § 18. But if the party is indicted in the court of common pleas in the first instance, the case is tried under § 17. It is to be observed that the punishment may in such case, if in the opinion of the court of common pleas it be proper, be mitigated to the smallest fine or term of impris-onment, there being no restriction as to this.

The result of this view of the statutes is this; that when in the indictment the alleged value of the property stolen exceeds one hundred dollars, upon a trial thereof the defendant may deny the value to be truly alleged, and if he does so, the jury will be required to find the same by their verdict, if they find a verdict of guilty; but when in the indictment the alleged value of the property does not exceed one hundred dollars, it is not essential that the jury find by their verdict any precise sum as the value of the property. It is enough that the article stolen was of some value, and, that fact being essential to constitute a larceny, the general verdict of guilty must necessarily include the finding of value to the property alleged to be stolen.

The evidence in the present case, as to the nature of the property taken by the defendant, was sufficient to authorize the jury to find the same to be of some value, and the instructions of the court of common pleas were proper upon this point.

*Exceptions overruled.*